UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MICHAEL KAZYMYRIW,                            :          CASE NO. 1:04-CV-1395
                                              :
            Petitioner,                       :
                                              :
vs.                                           :          OPINION
                                              :          [Resolving Doc. No. 1]
UNITED STATES OF AMERICA,                     :
                                              :
            Respondent.                       :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        On July 22, 2004, Petitioner Michael Kazymyriw filed a motion under 28 U.S.C. § 2255 to vacate,

set aside, or correct his sentence.  [Doc. No. 1].  With his petition, Kazymyriw claims that his trial counsel

was constitutionally ineffective for failing to advise him of the immigration consequences of his guilty plea.

On September 3, 2004, the United States of America ("Government") filed a brief in opposition.  [Doc.

No. 10].  On December 23, 2004, Magistrate Judge Limbert issued a report and recommendation

advising the Court to deny Kazymyriw's motion. [Doc. No. 11]  As discussed below, the Court adopts

the report and recommendation from Magistrate Judge Limbert.  Accordingly, the Court **DENIES**

Petitioner's § 2255 motion.

## I. FACTUAL BACKGROUND

        On October 15, 2003, Petitioner entered into a plea agreement with the Government.  Per the plea

agreement, Petitioner pled guilty to Count 1 of the indictment for conspiring to possess with intent to

Case No. 1:04-CV-1395
Gwin, J.

distribute more than five kilograms, but less than fifteen kilograms, of cocaine.

Also on October 15, 2003, the Court held a change of plea hearing.  The Court reviewed the conditions and provisions of the plea agreement with Kazymyriw.  The Court asked Kazymyriw whether he read and understood the contents of the plea agreement.  Kazymyriw answered affirmatively.  In his plea agreement, Kazymyriw waived his right to appeal his conviction and to seek post-conviction relief, except for claims of the ineffective assistance of counsel or prosecutorial misconduct.

At the change of plea hearing, the Court asked Kazymyriw if he was happy with his counsel, Thomas Shaughnessy, and whether Kazymyriw felt that counsel had effectively and diligently represented him.  Kazymyriw responded affirmatively.  When the Court asked Kazymyriw if he had any complaints about counsel's representation, Kazymyriw responded that he did not.

Furthermore, at the change of plea hearing, the Court discussed the immigration consequences of his guilty plea with Kazymyriw.  The Court specifically mentioned the possibility that Kazymyriw could be deported as a penalty for the felony conviction.  The Court asked:

> THE COURT: Do you understand that you could be deported if you have a felony conviction in this case?
> THE DEFENDANT:  I do now.
> THE COURT: Okay.  And you go into this plea agreement with an understanding that there is a potential, perhaps even a likelihood, you'll be deported from the United States to a foreign country as a result of this conviction?
> THE DEFENDANT:  Yes, I do, sir.

After Kazymyriw stated that he understood that he could be deported, he pled guilty.  He explained the facts of the conspiracy, and he stipulated to the quantity of cocaine attributable to his conduct.  The Court accepted Kazymyriw's guilty plea, finding that he knowingly and voluntarily waived his rights

Case No. 1:04-CV-1395
Gwin, J.

in pleading guilty.

Three months before his sentencing, on November 3, 2003, the Bureau of Immigration and Citizenship Service ("BICS") placed a detainer on Kazymyriw.  The presentence report reflected the immigration detainer.

On December 20, 2003, Attorney Frank Pignatelli replaced Attorney Thomas Shaughnessy as Kazymyriw's counsel.

On February 6, 2004, the Court sentenced Kazymyriw to sixty (60) months of imprisonment, with credit for time served.  Additionally, the Court imposed a five-year term of supervised release, and a $100 special assessment.  The Judgment and Commitment Order instructs Kazymyriw to report to immigration authorities for deportation upon release from imprisonment.

Kazymyriw did not file a direct appeal of his conviction or sentence.  Instead, on July 22, 2004, Petitioner filed this § 2255 motion to vacate, set aside, or correct his sentence.  Kazymyriw claims that his counsel was constitutionally ineffective in two ways.  First, Kazymyriw contends that his counsel provided ineffective assistance in "failing to advise him that he was subject to deportation by entering a guilty plea in this matter."  As supporting facts for his motion, Kazymyriw alleges that his counsel failed to advise him that he could be subject to deportation for his felony conviction.   Kazymyriw's motion further states that "Mr. Kazymyriw has lived in the United States 53 of the 57 years he has been alive.  His parents, three living brothers, and two daughters all reside in northeast Ohio.  There is no question that knowing of the possibility for deportation would have made a significant impact on his decision to enter a guilty plea."

Second, Kazymyriw further asserts that his counsel was ineffective "in his failure to request that the

-3-

Case No. 1:04-CV-1395
Gwin, J.

court consider and rule on the INS implications as part of the plea agreement."

On September 3, 2004, the Government filed a brief in opposition.  First, the Government argues that Kazymyriw fails to show ineffective assistance of counsel.  The Government contends that Kazymyriw did not receive constitutionally ineffective representation, especially given the several occasions when his counsel, the Government, or the Court discussed the immigration consequences of his guilty plea to the felony.  Second, the Government asserts that counsel's decision not to seek the Court's determination of the immigration implications with respect to the plea agreement fell within the objective standard of reasonableness.

As support, the Government submitted a letter from Attorney Thomas Shaughnessy, recalling several instances when he discussed deportation with Kazymyriw and when Kazymyriw was aware that he could be deported for pleading guilty.  For example, Attorney Shaughnessy discussed possible deportation with Kazymyriw at their initial meeting.  Attorney Shaughnessy recalled that the subject was also raised at the proffer.  Additionally, at the change of plea hearing, AUSA Joseph Pinjuh discussed possible deportation with Kazymyriw's daughter, informing her that he could not offer a deal regarding deportation.  Shaughnessy further recalled that, at the time of the plea, "Kazymyriw's family indicated that they were hiring new counsel to fight the deportation." Moreover, at the plea colloquy, the Court discussed the possibility of deportation with Kazymyriw.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a person in federal custody may challenge his conviction or sentence through a collateral post-conviction motion.  *E.g., In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).

Case No. 1:04-CV-1395
Gwin, J.

Among the grounds available for relief under § 2255, a federal prisoner may assert that his sentence was imposed in violation of the Constitution or the laws of the United States. *E.g., Hill v. United States*, 368 U.S. 424, 426 (1962), *reh'g denied*, 369 U.S. 808 (1962). "To prevail on a § 2255 motion alleging a constitutional error, the petitioner must establish that an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Under his plea agreement, Petitioner retained the right to raise an ineffective assistance of counsel on appeal or in a post-conviction motion. Although Petitioner is entitled to raise his ineffectiveness claim in this Section 2255 motion, his argument lacks merit. The Court adopts Magistrate Limbert's Report and Recommendation in full, and incorporates it herein. Thus, the Court dismisses Kazymyriw's ground for relief with prejudice.

A. *Ineffective Assistance of Counsel*

To show that counsel's performance was constitutionally ineffective, Petitioner must satisfy the standard from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner must show that counsel's performance was deficient, meaning that Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688; *Howard v. Bouchard*, 405 F.3d 459, 479 (6th Cir. 2005). A "strong presumption" exists that counsel's conduct constituted "reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Ballard v. United States*, 400 F.3d 404, 407 (6th Cir. 2005). This Court is cognizant of the distorting effects of hindsight. *See Strickland*, 466 U.S. at 689.

Second, Petitioner must show that his counsel's deficient performance prejudiced his defense by

-5-

Case No. 1:04-CV-1395
Gwin, J.

undermining the reliability of the result. *Strickland*, 466 U.S. at 694-95.  In showing that the deficient

performance prejudiced the defense, Petitioner must show that a "reasonable probability" exists that, but

for counsel's errors, the result of the criminal proceedings would have been different.  *See id*. at 694.  "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466

U.S. at 694.  Petitioner cannot prevail if he shows merely that the alleged errors had "some conceivable"

effect on the outcome of the proceedings.  *See id*. at 693.  To show prejudice upon a conviction entered

on a guilty plea, a petitioner must "show that there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S.

52, 59 (1985); *Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir. 2003); *Magana v. Hofbauer*, 263 F.3d

542, 547 (6th Cir. 2001).

> *A. Deportation Consequences of Guilty Plea*

Turning to Kazymyriw's petition, he argues that Attorney Shaughnessy's performance was deficient

for failing to inform him of the immigration consequences of his guilty plea.  The Court holds that

Kazymyriw fails to show that Attorney Shaughnessy's performance was deficient and fails to show

prejudice.  The Court rejects Kazymyriw's ineffectiveness claim as to the immigration consequences of his

guilty plea.

In claiming that his counsel's performance was deficient, Kazymyriw asserts that his counsel failed

to inform him of the possibility that he would be deported if convicted.  As to Attorney Shaughnessy's

advice, the record shows that Petitioner's recollection is flawed.  Despite Kazymyriw's contentions to the

contrary, the record shows that Attorney Shaughnessy's performance was not deficient because he

Case No. 1:04-CV-1395
Gwin, J.

informed Petitioner of the deportation consequences of his guilty plea on several occasions during his representation.  First, Attorney Shaughnessy discussed Petitioner's possible deportation at their initial meeting.  Second, Shaughnessy recalled that, at the time of the proffer, the issue of deportation was raised among Petitioner, Shaughnessy, AUSA Pinjuh, AUSA Edward Feran, and the agents involved in this case.  Third, AUSA Joseph Pinjuh discussed the possibility of deportation with Petitioner's daughter on the date of Kazymyriw's plea, informing her that he could not offer a deal regarding deportation.  Petitioner's family indicated to AUSA Pinjuh that the family was hiring a new attorney to fight Kazymyriw's deportation, which further suggests that Petitioner and his family understood that Kazymyriw could be deported if he pled guilty.  Fourth, during the plea colloquy, the Court asked Petitioner two specific questions to ensure that Petitioner understood that he could be deported if he had a felony conviction in this case.

Based upon this record, Attorney Shaughnessy's performance was not deficient.  Despite Kazymyriw's assertion that he was unaware of the deportation consequences, Kazymyriw had ample notice that he was subject to deportation before pleading guilty.  He received warning that the conviction could lead to deportation from his attorney, the Government, and the Court.  The record undisputably shows that Attorney Shaughnessy and the Court informed Petitioner of the possibility of deportation upon his pleading guilty.

Just as Petitioner failed to show that his counsel's performance was deficient, so too he failed to show prejudice because he cannot show that he would not have pled guilty.  *See Hill*, 474 U.S. at 59.  Despite having notice of the possibility of deportation, Kazymyriw pled guilty.  Before sentencing, BICS placed a detainer on him, as reflected in the presentence report.  Finally, the Judgment and Commitment

-7-

Case No. 1:04-CV-1395
Gwin, J.

Order directs Kazymyirw to report to immigration authorities for deportation upon release from imprisonment.  Petitioner contends, without further support, that "there is no question that knowing of the possibility for deportation would have made a significant impact on his decision to enter a guilty plea." However, Petitioner cannot show a reasonable probability, but for counsel's errors, that he would not have pled guilty and would have insisted upon going to trial.  Instead, before pleading guilty, the Court ensured on the record that Petitioner was aware of the risk of deportation if he had a felony conviction in the instant case.  Petitioner responded, "I do now."  The Court further asked, "And do you go into this plea agreement with an understanding that there is a potential, perhaps even a likelihood, you'll be deported from the United States to a foreign country as a result of this conviction?"  Petitioner answered, "Yes, I do, sir." Immediately thereafter, Petitioner pled guilty.  He did not change his plea or withdraw his plea, even after the Court expressly asked him if he was aware of the deportation consequences of his guilty plea.  Having knowledge that he could be deported for pleading guilty, Petitioner did not seek to withdraw his plea or terminate the change of plea hearing without entering a guilty plea.  Under these circumstances, Petitioner cannot show that he would not have pled guilty and he fails to establish prejudice.  *See Hill*, 474 U.S. at 59.

Moreover, even if counsel had not discussed the immigration consequences with Kazymyriw, which he did, failure to inform the Petitioner of the possibility of deportation does not provide him a basis for challenging the voluntariness of his guilty plea, nor constitute ineffective assistance of counsel.  Kazymyriw's plea was voluntary and knowing, even if he was unaware of the immigration consequences of the guilty plea.  Because deportation is collateral to a conviction, a defendant's plea is knowing and voluntary even

Case No. 1:04-CV-1395
Gwin, J.

if he was not aware of the immigration consequences of his plea. *El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002); *see also Kratt v. Garvey*, 342 F.3d 475, 485 (6th Cir. 2003). "A collateral consequence is one that remains beyond the control and responsibility of the district court in which the conviction was entered." *El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002) (internal quotation marks omitted). Consequently, "counsel's failure to inform a client of immigration consequences which may result from a guilty plea does not constitute deficient performance." *Ogunbase v. United States*, No. 90-1781, 1991 U.S. App. LEXIS 1852, at *3 (6th Cir. Feb. 5, 1991) (unpublished opinion); *see also United States v. George*, 869 F.2d 333, 338 (7th Cir. 1989); *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir. 1975) (per curiam) (observing that the defendant's guilty plea was not "rendered involuntary because he was unaware that he might be deported"). "A bare allegation that defendant would not have pleaded guilty had counsel informed him of deportation consequences is insufficient to establish ineffective assistance of counsel." *Nagaro-Garbin v. United States*, No. 87-1148, 1987 WL 44483, at *1 (6th Cir. Oct. 20, 1987) (unpublished opinion).

Petitioner's first claim of ineffectiveness lacks merit.

2. *Requesting the Court to Rule upon the Immigration Consequences*

Next, the Court considers Petitioner's argument that counsel was ineffective for failing to request that the Court consider and rule upon the immigration consequences as part of the plea agreement. The Court agrees with Magistrate Limbert's recommendation that this argument fails.          A t t o r n e y Shaughnessy's decision to not request this Court to determine the immigration implications with respect to the plea agreement fell within the objective standard of reasonableness. The objective standard of

-9-

Case No. 1:04-CV-1395
Gwin, J.

reasonableness is a "highly deferential one and includes a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 689). This Court considers "'prevailing professional norms'" in determining whether a lawyer's performance falls below the objective standard of reasonableness. *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687-88).

Applying these principles to this case, Petitioner's argument fails on the merits. Attorney Shaughnessy had no reason to make such a request to the Court. Petitioner fully understood the immigration consequences of his guilty plea. The Court and Petitioner discussed the consequences of pleading guilty and the possibility of deportation resulting from his guilty plea. Moreover, any request to rule upon immigration consequences is not justiciable until the alien is subject to a final removal order. As a collateral consequence, deportation is a collateral consequence that is not within the control of the district court. *El-Nobani v. United States*, 287 F.3d 417, 421 (6th Cir. 2002). Despite the BICS detainer, Kazymyriw's immigration status is not reviewable until he is subject to a final removal order. *See* 8 U.S.C. § 1252(b)(2) (permitting an alien to file a petition of review with the court of appeals once the Board of Immigration issues a final order); *see also Barrett v. Immigration & Naturalization Serv.*, 997 F. Supp. 896, 900 (N.D. Ohio 1998), *aff'd*, No. 98-3419, 1998 U.S. App. LEXIS 30024 (6th Cir. Nov. 19, 1998) (per curiam) (unpublished opinion). At the time of Kazymyriw's conviction, he was not subject to a final removal order.

-10-

Case No. 1:04-CV-1395
Gwin, J.

## III.  CONCLUSION

Accordingly, the Court **DISMISSES** Petitioner's Section 2255 motion with prejudice.

IT IS SO ORDERED.


Dated: July 28, 2005                                    s/          *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

-11-